GARG GOLDEN LAW FIRM
ANTHONY B. GOLDEN, ESQ.
Nevada Bar No. 9563
PUNEET K. GARG, ESQ.
Nevada Bar No. 9811
AMANDA J. BROOKHYSER, ESQ.
Nevada Bar No. 11526
3145 St. Rose Parkway, Suite 230
Henderson, Nevada 89052
Tel: (702) 850-0202
Fax: (702) 850-0204
Email: agolden@garggolden.com
Email: abrookhyser@garggolden.com

Counsel for Plaintiff John Iannuzzi

UNITED STATES DISTRICT COURT

STATE OF NEVADA

| | |
|---|---|
| JOHN IANNUZZI, an individual, | CASE NO.: 2:20-cv-02194 |
| Plaintiff | **COMPLAINT** |
| v. | **DEMAND FOR JURY** |
| EOS FITNESS BRAND, LLC, | |
| Defendant | |

COMES NOW, Plaintiff JOHN IANNUZZI ("IANNUZZI"), by and through his counsel of record Anthony Golden, Esq., and Amanda J. Brookhyser, Esq., of GARG GOLDEN LAW FIRM, and hereby file this Complaint against Defendant EOS FITNESS BRAND, LLC ("EOS") and allege as follows:

## PARTIES

1. IANNUZZI is an individual who, at all times herein, resided in Clark County, Nevada.
2. EOS is a Nevada Limited Liability Company that owns and operates gyms in Clark County, Nevada.
3. Upon information and belief, EOS operates the EOS Fitness facility located at 8125 W. Sahara Ave., Suite 100, Las Vegas, Nevada 89117.

# JURISDICTION

4. This action is brough to remedy violation of the rights of Plaintiff under the Age Discrimination in Employment Act (ADEA), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, Nevada Revised Statutes ("NRS") § 613 *et seq.*, and the common law. This Court has jurisdiction under the ADEA and Title VII, and supplemental jurisdiction over the claims arising under Nevada law pursuant to 28 U.S.C. § 1367 and the principles of pendant jurisdiction.

5. Venue is proper in Clark County, Nevada because IANNUZZI resides in Clark County, Nevada, EOS is domiciled in Nevada and operates in Clark County, Nevada, and the incidents that give rise to this action occurred in Clark County, Nevada.

# GENERAL ALLEGATIONS

6. IANNUZZI began his employment with EOS in March 2018 as a front desk representative.

7. Hi job duties included answering the phone, greeting and checking customers in, working the cash register, and assisting members or other employees with additional tasks.

8. At the time of his hiring, IANNUZZI was over forty (40) years old.

9. IANNUZZI was an exemplary employee. He never called in sick, was always on time, and was well-respected by his co-workers.

10. IANNUZZI would go above and beyond his typical duties to help out other employees and help customers.

11. IANNUZZI'S direct manager when he was hired, Christina Diaz ("DIAZ"), supported IANNUZZI and believed he was doing a great job.

12. Soon after IANNUZZI was hired, Josh Queenan ("QUEENAN"), the general manager, directed DIAZ to hire a younger female instead of IANNUZZI. QUEENAN stated that this direction came from upper management,

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

including Vice President Marcel Kuerzi ("KUERZI") and Regional Vice President Eric McCauley ("MCCAULEY").

13. It was known to QUEENAN, KUERZI, and MCCAULEY that IANNUZZI was over forty (40) years old at the time.

14. After the initial demand by QUEENAN to hire a younger female was made, he continued, at least twice a month, in the months that followed to demand that DIAZ "hire a young female with large breasts" to replace IANNUZZI. MCCAULEY was present for at least two of these conversations.

15. IANNUZZI was made to stand at the front desk for seven (7) hours at a time without breaks while the younger employees were allowed breaks.

16. Younger female employees were allowed to dress out of the mandatory uniform while IANNUZZI was reprimanded for not wearing the mandatory uniform.

17. IANNUZZI was employed past the regular introductory period for health benefits but was repeatedly denied health coverage.

18. On or about August 20, 2018 QUEENAN told DIAZ to demote IANNUZZI from a full-time employee to on-call. When DIAZ refused to demote IANNUZZI, she was transferred to another EOS location in retaliation.

19. Shortly thereafter, on or about January 28, 2019, IANNUZZI was fired for allegedly stealing food from EOS.

20. The real motive behind IANNUZZI'S firing was to replace him with a younger female.

21. QUEENAN, KEURZI, and MCCAULEY were employees of EOS at the time of the allegations herein.

22. QUEENAN, KEURZI, and MCCAULEY were acting within the course and scope of their employment with EOS when they discriminated against IANNUZZI and fired him in order to replace him with a younger female.

23. QUEEAN'S actions as manager were taken with the approval of, and ratified

1  by, KUEZI, MCCAULEY and EOS.

24. EOS' conduct was severe and pervasive. It was of the kind that would shock the conscience of any reasonable person and was of the kind that would not be acceptable in civilized society.

25. On or about May 30, 2019, IANNUZZI submitted a Complaint for age and sex discrimination to the Equal Employment Opportunity Commission (EEOC) and the Nevada Equal Rights Commission (NERC). IANNUZZI submitted an Amended Charge on February 20, 2020.

26. On or about September 4, 2020 IANNUZZI received a Right-to-Sue Notice from NERC. On or about September 5, 2020 IANNUZZI received a Notice of Right to Sue from the EEOC.

27. This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

28. IANNUZZI has exhausted all his administrative remedies on all claims pled hereunder prior to filing this action with this Court.

## FIRST CAUSE OF ACTION

**Discrimination Based on Sex in Violation of Title VII of the Civil Rights Act of 1964**

29. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

30. IANNUZZI is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on sex.

31. Defendant EOS as employer is subject to Title VII, 42 U.S.C. § 2000e, etc., as amended and, thus, has a legal obligation to provide IANNUZZI a fair, non-discriminatory work environment and employment opportunities.

32. EOS refused to take reasonably adequate steps to prevent discrimination against IANNUZZI by knowingly favoring employees not of IANNUZZI'S protected class.

33. EOS discriminated against IANNUZZI when it failed to treat him the same way as similarly situated employees not of IANNUZZI'S protected class.

GARG GOLDEN LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

34. IANNUZZI was subjected to discriminatory conduct by QUEENAN, KEURZI, and MCCAULEY on a pervasive and ongoing basis.
35. No other similarly situated persons, not of IANNUZZI'S protected class, were subject to the same or substantially similar conduct.
36. IANNUZZI suffered adverse economic impact due to EOS'S unlawful treatment of him, including his termination.
37. IANNUZZI was embarrassed, humiliated, angered, depressed, and discouraged by the discriminatory actions taken against him.
38. IANNUZZI suffered compensable emotional and physical harm, including but not limited to, sleeplessness, anxiety, depression, hopelessness, and helplessness resulting from this unlawful discrimination by EOS.
39. IANNUZZI is entitled to be fully compensated for his emotional disturbance by being forced to endure this discrimination.
40. Pursuant to the 1991 amendments to Tile VII, IANNUZZI is entitled to recover punitive damages for EOS'S intentional repeated violations of federal and state civil rights laws.
41. IANNUZZI suffered damages in an amount to be determined by the Jury.
42. IANNUZZI is entitled to an award of reasonable attorney's fees.
43. EOS is guilty of oppression, fraud, and/or malice, express or implied, as EOS knowingly and intentionally discriminated against IANNUZZI because of his sex.
44. Therefore, IANNUZZI is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing EOS in an amount to be determined by a Jury.

## SECOND CAUSE OF ACTION

### Discrimination and Harassment Based on Sex in Violation of NRS 613.330(1)(a)

45. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

46. NRS 613.330(1)(a) demonstrates that an employer cannot discriminate against any person with respect to the person's compensation, terms, conditions, or privileges of employment because of his sex.
47. EOS refused to take reasonably adequate steps to prevent discrimination against IANNUZZI by knowingly favoring employees not of IANNUZZI'S protected class.
48. EOS discriminated against IANNUZZI when they failed to treat him the same way as similarly situated employees not of IANNUZZI'S protected class.
49. IANNUZZI was subjected to discriminatory conduct by QUEENAN, KEURZI, and MCCAULEY on a pervasive and ongoing basis.
50. No other similarly situated persons, not of IANNUZZI'S protected class, were subject to the same or substantially similar conduct.
51. IANNUZZI suffered adverse economic impact due to EOS'S unlawful treatment of him, including his termination.
52. IANNUZZI was embarrassed, humiliated, angered, depressed, and discouraged by the discriminatory actions taken against him.
53. IANNUZZI suffered compensable emotional and physical harm, including but not limited to, sleeplessness, anxiety, depression, hopelessness, and helplessness resulting from this unlawful discrimination by EOS.
54. IANNUZZI is entitled to be fully compensated for his emotional disturbance by being forced to endure this discrimination.
55. IANNUZZI is entitled to recover punitive damages for EOS'S intentional repeated violations of NRS 613.330 et. seq.
56. IANNUZZI suffered damages in an amount to be determined by the Jury.
57. IANNUZZI is entitled to an award of reasonable attorney's fees.
58. EOS is guilty of oppression, fraud, and/or malice, express or implied, as EOS knowingly and intentionally discriminated against IANNUZZI because of his sex.

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

59. Therefore, IANNUZZI is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing EOS in an amount to be determined by a Jury.

### THIRD CAUSE OF ACTION

**Discrimination Based on Age in Violation of the Age Discrimination in Employment Act**

60. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

61. It is the pattern and practice of EOS to treat employees differently and negatively when the employee is among the older employees at EOS.

62. IANNUZZI was treated differently and negatively with regard to performance standards, and the standards under which disciplinary action is imposed, relative to all younger employees of EOS at the time his termination occurred.

63. For the reasons set forth herein, and in the papers filed with the EEOC and the NERC, EOS violated 29 U.S.C. § 623(a)(1) of the ADEA, and NRS 613.330(1), by unlawfully discriminating against IANNUZZI due to his age, over 40, and by discriminating against him in favor of younger employees.

64. Because EOS unlawfully discriminated against IANNUZZI on account of his age, in violation of federal and Nevada law, Defendants must pay IANNUZZI damages in an amount to be determined by the Jury at trial, including compensatory damages for emotional pain, anguish, suffering, and inconvenience.

65. IANNUZZI was embarrassed, humiliated, angered, depressed, and discouraged by the discriminatory actions taken against him.

66. EOS is guilty of oppression, fraud, and/or malice, express or implied, as EOS knowingly and intentionally discriminated against IANNUZZI because of his age.

67. Therefore, IANNUZZI is entitled to recover damages for the sake of example,

GARG GOLDEN LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

to deter other employers from engaging in such conduct and by way of punishing EOS in an amount to be determined by a Jury.

68. IANNUZZI is entitled to recover punitive damages for EOS'S intentional repeated violations of NRS 613.330 et. seq.

69. IANNUZZI suffered compensable emotional and physical harm, including but not limited to, sleeplessness, anxiety, depression, hopelessness, and helplessness resulting from this unlawful discrimination by EOS.

70. IANNUZZI suffered adverse economic impact due to EOS'S unlawful treatment of him, including his termination.

71. IANNUZZI is entitled to an award of reasonable attorney's fees.

## FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

72. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

73. An actor commits intentional infliction of emotional distress when that actor's conduct was extreme or outrageous with either the intention of, or reckless disregard for, causing emotional distress to another, and that the victim suffered severe or extreme emotional distress as the actual and proximate result of the actor's conduct.

74. Defendant's conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community.

75. Defendants' actions towards Plaintiff including, but not limited to, his termination because of his age and sex, and other acts, constitute oppressive conduct that was extreme and outrageous with the intention of, or reckless disregard for, the emotional distress is caused IANNUZZI.

76. IANNUZZI suffered severe emotional distress caused by the actions of the Defendant and its agents. IANNUZZI suffered from depression, anxiety, anger, feelings of helplessness, feelings of hopelessness, fear of losing his income, and

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

8 of 11

humiliation.

77. Defendant's conduct was the direct and proximate cause of injury to IANNUZZI.

78. EOS is vicariously liable for the actions of QUEENAN, KEURZI, and MCCAULEY because those actions were not independent ventures, were committed during the very tasks assigned to QUEENAN, KEURZI, and MCCAULEY by EOS, and were reasonably foreseeable.

79. IANNUZZI has been forced to seek legal counsel to pursue his valid legal claims against Defendant and he is therefore entitled to reasonable attorney's fees.

80. Defendant is guilty of oppression, fraud, and/or malice, express or implied, because EOS knowingly and intentionally caused harmful and offensive conduct towards IANNUZZI with the intention of, or reckless disregard for, the damages that it was causing to IANNUZZI.

81. Therefore, IANNUZZI is entitled to collect punitive damages from EOS in an amount to be determined by a Jury.

## FIFTH CAUSE OF ACTION

### Negligent Hiring, Training, Supervision, and Retention

82. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

83. Defendant had a duty to take reasonable action in the hiring, training and supervision of its employees.

84. Defendant had a duty to train its employees on applicable policies and procedures, as well as requirements of federal and Nevada law, that must be followed in the management, disciplining, and termination of employees.

85. Defendant had a duty to supervise its employees in a reasonable manner so as to assure that its employees were following all applicable policies and procedures as well as federal and Nevada law.

GARG GOLDEN LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

86. Defendant had a duty to supervise all employees to assure that no employee was taking discriminatory, harassing, or other improper actions against another employee.
87. QUEENAN, KEURZI, and MCCAULEY did not follow EOS'S policies and procedures or federal and Nevada law when they discriminated against IANNUZZI because of his sex and age and when they unlawfully terminated him.
88. Defendant breached this duty by failing to properly train employees, including QUEENAN, KEURZI, and MCCAULEY, in the proper procedures and policies, or federal and Nevada law, that must be followed.
89. EOS'S failure to adequately hire, train, and supervise QUEENAN, KEURZI, and MCCAULEY was the direct and proximate cause of injury to IANNUZZI.
90. IANNUZZI has been forced to seek legal counsel to pursue his valid legal claims against Defendant and he is therefore entitled to reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff as follows:

1. Awarding judgment as appropriate and requiring Defendant to pay Plaintiff's compensatory damages, consequential damages, special damages, and any other damages described herein and to be proven at trial, including back pay, and front pay, in an amount in excess of $15,000.00;

2. Awarding prejudgment interest;

3. Awarding punitive damages;

4. Awarding Plaintiff fees and costs associated with bringing this action, in addition to reasonable attorney's fees as provided by the United States and or the Nevada statutes; and

5. Granting such other and further relief as this Court deems necessary

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

10 of 11

and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable by a jury herein.

Dated this 3rd day of December, 2020.

GARG GOLDEN LAW FIRM


By  *Amanda J. Brookhyser*
ANTHONY B. GOLDEN, ESQ.
Nevada Bar No. 9563
AMANDA J. BROOKHYSER, ESQ.
Nevada Bar No. 11526
3145 St. Rose Parkway, Suite 230
Henderson, Nevada 89052
Tel:  (702) 850-0202
Fax:  (702) 850-0204
Email: agolden@garggolden.com
Email: abrookhyser@garggolden.com

GARG GOLDEN
LAW FIRM
3145 St. Rose Parkway
Suite 230
Henderson, Nevada 89052
(702) 850-0202

11 of 11